**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DON CARLOS URRUITA, | : | CIVIL ACTION NO. **4:-CV-13-0577** |
| | : | |
| Petitioner | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PA ATTORNEY GENERAL, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**I.    Procedural Background.**

On March 1, 2013, Petitioner Don Carlos "Urruita," an inmate at the State Correctional

Institution at Dallas, Pennsylvania, ("SCI-Dallas"), filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.[1]  (Doc. 1). Petitioner is incarcerated as a result of a 2000 aggravated

assault conviction in the Dauphin County Court of Common Pleas.  (Doc. 1, p. 2).  Petitioner also

filed a 2-page, typed Memorandum in support of his habeas petition with attached Exhibits,

including copies of decisions (July 2009, March 2010, December 2010, December 2011,

December 2012) of the Pennsylvania Board of Probation and Parole ("Board") denying Petitioner

parole as well as  copies of certificates of completion of prison programs and a certificate of

achievement, and PA DOC Correctional Plans and Evaluations for Petitioner. (Doc. 2). Petitioner

---

[1]We note that while Petitioner spells his last name "Urruita" on his filings in this case, the Exhibits submitted by the parties spell Petitioner's last name as "Urrutia."  (*See* Docs. 2 & 10-1).  Further, on his return address on the envelope used when Petitioner filed his habeas petition, Petitioner spelled his last name as "Urrutia."   Also, we note Petitioner's first name is Donald.  We will use the spelling of Petitioner's last name as reflected on the official state records, namely, "Urrutia."

challenges the decisions rendered by the Board repeatedly denying him parole. (Doc. 1, generally & Doc. 2). Petitioner claims that despite the fact that he completed, over several years, all of the programs and terms specified by the Board to be eligible for parole, the Board continues to deny him parole in violation of his rights to equal protection and to due process under the Fourteenth Amendment. Petitioner also claims that the Board's decisions denying him parole violated his rights under the Eighth Amendment. Thus, Petitioner claims that the Board violated his constitutional rights by failing to "uphold the terms and conditions in which a[n] inmate should be paroled." (Doc. 2, p. 2).

On April 29, 2013, we issued a Show Cause Order granting Petitioner's Motion for Leave to Proceed *in forma pauperis* and directing service of Petitioner's habeas petition and his Memorandum on Respondents. (Doc. 7). After being granted an extension of time, Respondents filed their Response to the habeas petition with Exhibits and a Memorandum in support on June 20, 2013. (Docs. 10, 10-1 & 11). Respondents' Exhibits also include copies of the Board's Decisions denying Petitioner parole. (Doc. 10-1, pp. 17-27). Thus, both Petitioner and Respondents submitted copies of the same Decisions of the Board denying Petitioner parole. Petitioner then filed his Traverse on August 14, 2013. (Doc. 14).

On June 4, 2014, Petitioner completed and filed a *Miller/Mason* Notice of Election indicating that he labeled his petition as one under §2254, and that he chose to have the court rule on it as filed. (Doc. 16). *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

Petitioner's habeas petition is ripe for review.  We have been assigned this case for issuance of a Report and Recommendation.

Based on the AEDPA's one-year statute of limitations, the only timely challenge by Petitioner to the denial of parole by the Board is to the Board's December 31, 2012 Decision.  (Doc. 2, pp. 3-4). *See*  28 U.S.C. §2244(d)(1)(D).[2]

## II.    Factual Background.

On June 7, 2000, Petitioner, who had prior state convictions, was convicted of aggravated assault in the Dauphin County Court of Common Pleas.  (Doc. 1, pg. 2).  Following his conviction,

---

[2]The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) **the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

28 U.S.C. §2244(d)(emphasis added).

Petitioner's habeas petition was timely filed under the AEDPA statute of limitations since it was filed within one year of the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D). In this case, Petitioner filed his habeas petition on March 1, 2013,  which was within one year of the Board's challenged December 31, 2012, Decision.

on August 11, 2000, Petitioner received a ten to twenty (10 to 20) year sentence of imprisonment. (*Id.* & Doc. 11, p. 2*).

Petitioner has had five parole hearings before the Board since serving the minimum term of his sentence.  Specifically, as reflected in the Exhibits submitted by both Petitioner and Respondents, Petitioner was denied parole by the Board on July 21, 2009, March 17, 2010, December 15, 2010, December 13, 2011, and most recently on December 31, 2012.

Thus, as stated, the  record reveals the Board's latest Decision denying Petitioner parole was issued on December 31, 2012.  In this Decision, the Board held that:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole.

(Doc. 10-1, Ex. 11, p. 27).

The Board also included in its December 31, 2012, Decision the following reasons in support of it:

> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.

*(Id.).*

The Board's December 31, 2012, Decision also stated that Petitioner will next be reviewed for parole in or after November 2014.

4

Petitioner filed a Petition for Writ of Habeas Corpus with the Court on March 1, 2013, challenging the Board's refusal of parole as a violation of the Equal Protection Clause of the Fourteenth Amendment, the Eight Amendment prohibition against cruel and unusual punishment, and his due process rights.  (**Doc. 1**, generally).

## III.   Discussion.

In his habeas petition, Petitioner essentially alleges that his denial of parole by the Board was in violation of the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment prohibition against cruel and unusual punishment, and his due process rights.  (Doc. 1, *generally*). Petitioner's equal protection claim is premised on the Board's consideration of the District Attorney's recommendation of denial of parole, and the nature of the Petitioner's crime.  (Doc. 1, pgs. 6 and 10).  Petitioner also asserts his Eighth Amendment protection against cruel and unusual punishment has been violated because he has been consistently denied parole despite the completion of required prison programs.  (*Id.* at 7).   Finally, Petitioner avers that his constitutional right to due process was violated because he has complied with all of the Board's terms and conditions, but has been continuously denied parole.  *(Id.* at 9).

### A.  The Exhaustion Requirement

As their first argument in response to the habeas petition, Respondents state that Petitioner failed to exhaust his state court remedies before he filed his petition.  Petitioner did not initially indicate if he exhausted all his state court remedies with respect to his present claim.  However, Petitioner concedes in his Traverse that he may not have exhausted all his state court remedies before he filed his instant §2254 habeas petition.  As such, Petitioner requests that the Court stay

his case and hold it in abeyance "in order to allow [him] the opportunity to exhaust his remedies or[,] in the alternative[,] to dismiss [his] habeas corpus petition without prejudice so that he may file again at a later date." (Doc. 16, p. 2).

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." 28 U.S.C. § 2254(b)(1)(A). Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states in part, the following:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a ...Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
>> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
>> (A) the applicant has exhausted the remedies available [to the petitioner];
>> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

In *Shackleford v. Ebbert*, 2011 WL 1107024, *5 (M.D. Pa. 2011), adopted by 2011 WL 1059732 on 3-23-11, the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002).

Respondents correctly assert that a state prisoner challenging the denial of parole on constitutional grounds other than for violation of the *Ex Post Facto* clause is not required to exhaust state court remedies before pursuing federal habeas review. *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), *cert denied*, 125 S.Ct. 2970 (2005). The writ of mandamus is an avenue available in state courts for a Petitioner who is raising an *Ex Post Facto* claim with respect to the denial of parole. Petitioner Urrutia is not asserting an *Ex Post Facto* claim in the present case. Thus, it appears that Petitioner Urrutia is not required to complete exhaustion regarding his instant claims. Additionally, as indicated above, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Thus, there is no need for the Court stay Petitioner's case and hold it in abeyance as Petitioner requests in his Traverse.

Therefore, we do not address the exhaustion issue any further in this case.

### B. Equal Protection Claim

Petitioner contends that the Board's reliance on the prosecuting attorney's recommendation of parole denial and on the nature of the crime Petitioner committed violate his equal protection rights. The Equal Protection Clause guarantees all citizens "equal protection of the laws," meaning that similarly situated people must be treated the same. U.S. Const. Amend. XIV. In order to successfully raise an equal protection claim, a plaintiff "must present evidence that s/he has been treated differently from persons who are similarly situated." *Williams v. Morton*, 343 F. 3d 212, 221 (3d Cir. 2003). In addition, in *Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D.Pa. 1982), *aff'd,* 696 F.2d 985 (3d Cir. 1982), the Court stated:

7

"[N]o two prisoners, being different human beings, will possess identical backgrounds and characters.  Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics."

Petitioner alleges that his equal protection rights have been violated because the Board considered the prosecuting attorney's recommendation that he be denied parole and the nature of the Petitioner's crime.  Both of these contentions are insufficient to support an equal protection violation.

Petitioner, as a convicted felon, is not a member of a suspect or quasi-suspect class with respect to an equal protection claim.

The Court in *DeSavage v. Grove*, 2009 WL 2487110, *3 (M.D. Pa. Aug. 12, 2009), stated:

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Clerburne v. Clerburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)). "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." *Williams v. Morton,* 343 F.3d 212, 221 (3d Cir.2003).

The Court in *Gadling-Cole v. West Chester University,* 868 F.Supp.2d 390, 401-402 (E.D. Pa. 2012), stated:

In order to state a claim for denial of equal protection under the Fourteenth Amendment pursuant to § 1983, a plaintiff  must allege she is a member of a protected class or exercised a fundamental right and similarly situated members of an unprotected class or members that did not exercise a fundamental right were treated differently than the plaintiff. *Pollock v. City of Philadelphia,* No. 06–4089, 2007 WL 576264, at *4 (E.D.Pa. Feb. 16, 2007) (citing *Young v. New Sewickley Township,* 160 Fed.Appx. 263, 266 (3d Cir.2005)).

Thus, to state an equal protection claim a person must allege that: (1) he was a member of a protected class; (2) he was treated differently from similarly situated persons outside of his protected class; and (3) the discrimination was purposeful or intentional rather than incidental. *Id.*; *see also Banks v. One or More Unknown Named Confidential Informants of Federal Prison Camp Canaan*, 2008 WL 2563355 *9 (M.D. Pa.); *Tillman v. Lebanon County Corr. Facility,* 221 F.3d 410, 423-24 (3d Cir.2000).

We find that Petitioner, as a convicted felon, is not a member of a suspect or quasi-suspect class with respect to an equal protection claim. *See Owens v. Ventura County Superior Court*, 42 F.Supp.2d 993, 998 (C.D. Cal. 1999)("Over the years, the federal courts have determined that suspect classed for equal protection purposes include classifications based on race, religion, alienage, national origin and ancestry.")(citations omitted).   Thus, Petitioner is not a member of a class entitled to heightened standard of review.  Also, based on the above case law, we agree with Respondents that Petitioner fails to allege any facts that support a cognizable equal protection claim. (Doc. 11, pp. 5-6).

Further, as Respondents point out, Doc. 11, p. 6, Petitioner fails to recognize that the Board is required by statute to consider "[a]ny recommendations by the prosecuting attorney when deciding whether to parole an inmate." 61 Pa.C.S. § 6135(a)(2). Similarly, the Board is required to consider "[t]he nature and circumstances of the offense committed." 61 Pa.C.S. § 6135(a)(1). Petitioner has not alleged he was treated differently by the Board than other similarly situated inmates at SCI-Dallas. The Board's December 2012 parole decision was made pursuant to factors

specifically authorized by PA statute, and as such do not support a claim for a violation of equal protection.

### C.  Eighth Amendment Claim

Petitioner alleges that his consistent denial of parole by the Board, despite the completion of programs required by the Board, amounts to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  However, inmates have no right to be released before the expiration of a valid prison term.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "[T]he mere failure to allow the Petitioner to be released on parole before his maximum sentence expires in 2019 does not state a valid Eighth Amendment claim." *Josey v. Pa. Board of Probation and Parole, et al.*, 2014 WL 310448, *4 (M.D.Pa.) (citing *Sharard v. Berks County*, 2012 WL 6838952, *8 (M.D.Pa. Dec. 6, 2012; *Corliss v. Pa. Bd. of Prob. & Parole*, 2006 WL 2927270, *5 (M.D.Pa. Oct. 11, 2006)).

Accordingly, Petitioner is not entitled to habeas relief on Eighth Amendment grounds.

### D.  Due Process Claim

Petitioner contends that his denial of parole, despite compliance with the terms and conditions repeatedly set forth by the Board over several years, constitutes a violation of his due process rights.  We agree with Respondents that Petitioner's due process  claim is without merit.

The Fourteenth Amendment provides that the State may not "deprive any person of life,

liberty, or property without due process of law." U.S. Const. amend. XIV.  A procedural due process claim under the Fourteenth Amendment has two steps.  *Zehner v. Pa. Board of Probation and Parole, et al.*, 2014 WL 1235998, *3 (W.D.Pa.) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)).  *See also Alford v. Pa. Dept. of Corrections*, 2014 WL 310100, *2 (M.D.Pa. Jan. 28, 2014)(citations omitted).

In *Zehner*, the Court stated:

> "First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state.  *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citing *Board of Regents*, 408 U.S. at 571).  Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient.  *Id.* (citing *Hewitt v.* Helms, 459 U.S. 460, 472, 103 S.Ct. 864, 74 L.Ed. 2d 675 (1983))."

*Id.*

"Petitioner cannot meet either criteria because, as stated above, there is 'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Id.* (citing *Greenholtz*, 442 U.S. at 7); *see also Alford v. Pa. Dept. of Corrections*, 2014 WL 310100, *3(citing *Greenholtz*, 442 U.S. at 7).   In  *Alford v. Pa. Dept. of Corrections*, 2014 WL 310100, *3-*4, the Court stated:

> Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not impinge on any procedural due process interests. *See, e.g., Stephens v. Chairman of Pa. Bd. of Prob. & Parole*, 173 F. App'x 963, 965 (explaining that the United States Supreme Court has held that "an expectation of release on parole is not a constitutionally protected liberty interest" quoting *Jago v. Van Curen,* 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981)).
>
> Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love,* 89

F.3d 135, 139 (3d Cir.1996); *Rogers v. Pa. Bd. of Prob. & Parole,* 555 Pa. 285, 724 A.2d 319, 323 (Pa.1999). Thus, petitioner cannot establish that he possesses a liberty interest in parole, and he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.[FN1] Thus, petitioner's claim is without merit and the petition for a writ of habeas corpus will be denied.

(Footnote omitted).

Since Petitioner cannot establish a liberty interest in parole, there has been no violation of a protected constitutional right. *Id.* Accordingly, we find that the Board's decisions did not violate Petitioner's right to procedural due process. *Id.*

Regarding a substantive due process analysis, the Third Circuit has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980). "[A] state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights." *Zehner*, 2014 WL 1235998 at *3.

The Court in *Alford v. Pa. Dept. of Corrections*, 2014 WL 310100, *4 n. 1, noted: "In addition to its procedural component, Due Process can also have a substantive component. Under a substantive due process analysis the law forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race, religion or political belief. *Burkett v. Love,* 89 F.3d 135, 139–40 (3d Cir.1996) (quoting *Block v. Potter,* 631 F.2d 233, 236 (3d Cir.1980))."

12

Petitioner Urrutia has not alleged that the Board relied on any impermissible criteria to deny him parole such as race or retaliation for the exercise of constitutional rights.  Rather, Petitioner simply claims that he was repeatedly denied parole despite his completion of certain terms, prison programs and conditions set by the Board.  Petitioner fails to recognize that the Board determined, based on an interview and a review of his file, that he was found to be a risk to the community, was found to have lacked remorse for the offense committed, that he failed to demonstrate motivation for success, and that he minimized/denied the nature and circumstances of the offense committed.  Petitioner has not alleged any impermissible factors the Board relied on when exercising its discretion to deny him parole.

Accordingly, we find that Petitioner has failed to establish that he is in custody in violation of his substantive due process rights.

## IV.    Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Urrutia's Petition for Writ of Habeas Corpus (**Doc. 1**) be denied.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 4, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DON CARLOS URRUITA, : CIVIL ACTION NO. **4:-CV-13-0577**

 :

 Petitioner : (Judge Brann)

 :

 v. : (Magistrate Judge Blewitt)

 :

PA ATTORNEY GENERAL, *et al.,* :

 :

 Respondents. :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 4, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

14

discretion or where  required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 4, 2014**

15